ORIGINAL
FILED

07 JUL 25 PM 2:50

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
ND OF CA S.J.

1  JULIE A. SHEPARD, SBN 175538
   SHAILA DJUROVICH, SBN 224249
2  HOGAN & HARTSON L.L.P.
   1999 Avenue of the Stars, Suite 1400
3  Los Angeles, CA 90067
   Telephone: (310) 785-4600
4  Facsimile: (310) 785-4601
   jashepard@hhlaw.com
5  smdjurovich@hhlaw.com

6  Attorneys for Defendant
   ITN ENERGY SYSTEMS, INC.
7

8
                    UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH
10

11

12  WAVEZERO, INC.,                    )  Case No.: C07 03817 HRL
                                       )
13                  Plaintiff,         )  [Complaint file on June 19, 2007]
                                       )
14       v.                            )
                                       )  (LASC Case No. 107CV88201)
15  ITN ENERGY SYSTEMS, INC., and DOES )
    1 through 20, inclusive,           )  **NOTICE OF REMOVAL OF**
16                                     )  **ACTION**
                                       )
17                                     )  [DIVERSITY (28 U.S.C. §§ 1332,
                    Defendants.        )  1441(b) and 1446)]
18                                     )
                                       )
19                                     )

20

21

22

23

24

25

26

27

28

---

\\\\BO - 029347/000001 - 197166 v1                    1                    NOTICE OF REMOVAL OF ACTION

Defendant ITN Energy Systems, Inc. ("ITN") hereby notifies the Clerk of this Court that Defendant removes this action under 28 U.S.C. sections 1332, 1441(b) and 1446. Defendant bases this removal on the Court's diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## THE ACTION

1. On June 19, 2007, Plaintiff Wavezero, Inc. ("Wavezero") commenced this action by filing a complaint captioned *WAVEZERO, INC., V. ITN ENERGY SYSTEMS, INC. and DOES 1 through 20, inclusive,* in the California Superior Court for Santa Clara County (the "State Court Action"). The Superior Court assigned the matter Case No. 107CV088201.

2. The first date upon which ITN received a copy of the said complaint was June 25, 2007, when ITN was served with a copy of the said complaint and a summons from the said state court.

## DIVERSITY JURISDICTION

4. At the time this action was filed and as of the date of this Notice, ITN was and is a limited liability corporation organized under the laws of the State of Colorado, with its principal place of business in the State of Colorado.

5. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names is disregarded.

6. According to the allegations in the Complaint, Wavezero was and is a limited liability corporation organized under the laws of the State of California with its principal place of business in the State of California Complaint, ¶ 1.

7. Accordingly, there is complete diversity between Plaintiff and Defendants at the time this action was commenced and at the time of the filing of this Notice.

8.  The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs. In this case, Plaintiff seeks rescission of the $1.19 million contract between the parties pursuant to California Civil Code § 1689(b)(2) and additional damages and restitution pursuant to California Civil Code § 1692. Complaint, Prayer for Relief and Exhibit 1. Under California law, "[t]he consequence of rescission is not only the termination of further liability, but also the restoration of the parties to their former positions by requiring each to return whatever consideration has been received." *NMSBPCSLDHB v. County of Fresno*, 61 Cal.Rptr.3d 425, 429 (Cal.App. 5 Dist. 2007). Here, Plaintiff alleges in the Complaint that it paid $990,000 to ITN under the relevant contract. Complaint, ¶ 14. Rescission of the parties' contract, if granted, would therefore require ITN to repay nearly $1 million and WAVEZERO's demand for this remedy plainly satisfies the amount in controversy requirement of 28 U.S.C. § 1332. *See Neely v. Consol Inc.*, 25 Fed.Appx. 394, 400 (6th Cir. 2002) ("We have held that "where a plaintiff seeks to rescind a contract, the contract's entire value ... is the amount in controversy."); *Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 133 n. 5 (7th Cir.1982) (remarking that in a case of contract recission, the amount in controversy is a net figure not including counterclaims or offsets); *Bailey v. Romney*, 359 F.Supp. 596, 599 (D.D.C.1972) (finding that the amount in controversy is clearly satisfied where plaintiffs seek to rescind the purchase of their homes and homes are worth a substantial sum).

9.  This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. The Defendant and Plaintiff are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

## REMOVAL

10.  The document attached as Exhibit A, the Complaint, constitutes all pleadings, process and other papers served upon Defendant in accordance with 28 U.S.C. section 1446(a). Neither Wavezero nor ITN has filed an appearance, answer or other pleading in the State Court Action.

11. This Notice of Removal is timely filed, in accordance with 28 U.S.C. section 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (thirty-day removal period runs from formal service of complaint), because Defendant first received the initial pleadings in this matter when it was served on June 25, 2007.

12. Defendant will promptly notify Plaintiff in writing that this Notice has been filed and will file a copy of this Notice of Removal and supporting papers and the Notice to Adverse Party of Removal of Action to Federal Court with the Superior Court Clerk in accordance with 28 U.S.C. section 1446(d). A copy of the Notice to Adverse Party of Removal of Action to Federal Court (without attachments) is attached hereto as Exhibit B.

13. Defendant properly removed the Action to this Court pursuant to 28 U.S.C. section 1441(a) because the United States District Court for the Northern District of California, Sam Jose branch, embraces the place where the Action was pending.

14. Defendant hereby reserves, and does not waive, any objection it may have to service, jurisdiction or venue, and any and all other defenses or objections to the Action.

DATE: July 25, 2007

HOGAN & HARTSON LLP

By: _____
Julie A. Shepard
Shaila M. Djurovich
Attorneys for Defendant
ITN ENERGY SYSTEMS, INC.

```
 1  PAHL & McCAY
    A Professional Corporation
 2  Fenn C. Horton III, Esq. (State Bar No. 119888)
    Michael J. Cheng, Esq. (State Bar No.244414)
 3  225 West Santa Clara Street
    Suite 1500
 4  San Jose, California 95113-1752
    Telephone No.: (408) 286-5100
 5  Facsimile No.: (408) 286-5722

 6  Attorneys for Plaintiff
    WAVEZERO, INC.
 7
```

A. FLORESCA

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| WAVEZERO, INC., | Case No. 107CV088201 |
| Plaintiff, | [Demand exceeds $25,000] |
| v. | COMPLAINT FOR BREACH OF CONTRACT; BREACH OF EXPRESS WARRANTY; AND BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE |
| ITN ENERGY SYSTEMS, INC., and DOES 1 through 20, inclusive, | |
| Defendants. | |

Comes now Plaintiff WAVE ZERO, INC., ("WAVEZERO") and alleges as follows:

1. At all times relevant herein, WAVEZERO was a corporation authorized to do business within the State of California, with its principal place of business in the County of Santa Clara.

2. WAVEZERO is informed and believes and thereon alleges that at all times relevant herein, Defendant ITN ENERGY SYSTEMS, INC. ("ITN") was a Colorado corporation, doing business in the County of Santa Clara, California.

3. WAVEZERO does not know the true names or capacities, whether individual, corporate, associate, or otherwise of Defendant sued herein as DOES 1 through 20, inclusive. Plaintiff sues said Defendant by such fictitious names and prays leave to amend this Complaint when the true names and capacities of said Defendant have been

---

1

COMPLAINT FOR BREACH OF CONTRACT...   Exhibit A   (Case No. )

1. ascertained. Plaintiff is informed and believes and thereon alleges that said Defendant conducted, participated in, or are responsible for the acts set forth herein, and Plaintiff is further informed and believes and thereon alleges that some or all of the said DOE Defendant are in combination, agency, or joint venture relationships with the named Defendant.

4. WAVEZERO is informed and believe and thereon allege that at all times herein mentioned, each Defendant was the successor, alter ego, agent, joint venturer, partner, and/or employee of each and every one of the other Defendants, and was acting within the course and scope of his authority, and each Defendant ratified, authorized, and approved of the acts of each other Defendant. Any acts or omissions attributed herein to a corporation or other business entity were authorized acts, performed by an authorized representative of said entity, acting within the course and scope of his agency or authority, and were ratified by reasonable representatives of the entity.

5. The Superior Court in and for the County of Santa Clara has jurisdiction over this proceeding because the principal amount in controversy exceeds $25,000 pursuant to California Code of Civil Procedure Sections 86 and 88.

## FIRST CAUSE OF ACTION

(Breach of Contract)

6. WAVEZERO realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth herein.

7. WAVEZERO provides Radio Frequency Identification Device (RFID) services for wireless equipment, telecommunications, and medical device companies. As part of its business, WAVEZERO required the use of two machines to manufacture RFID identification tags.

8. On or about October 31, 2005, WAVEZERO and ITN entered into a written agreement (the "Agreement"), whereby ITN agreed to design, build, and deliver two machines, i.e., the TF50 and the TF55, on or before February 10, 2006, that would conform with the performance specifications stated in ITN's Proposal Nos.

2005/PB/WZ/CT-04 and 2005/PB/WZ/CT-05, dated October 28, 2005. In consideration for the design, manufacture, and timely delivery of the TF50 and TF55 as warranted, WAVEZERO agreed to pay ITN a total of One Million One Hundred Ninety Thousand Dollars ($1,190,000). A true and correct copy of WAVEZERO's Purchase Order No. 1763-00, dated October 27, 2005, which was accepted by ITN, has been attached hereto as Exhibit 1.

9. Under the terms of the Agreement, the Customer Requirements subsection specified, among other things, that the TF50 and TF55 would employ a "fully automated computer controlled system". The automatic mode of operation is an indispensable specification that is required for WAVEZERO's intended use of the machines.

10. ITN delivered the TF50 and TF55 to WAVEZERO in December of 2006, nine months after the agreed date of delivery.

11. Among other problems, both the TF50 and the TF55 failed to conform to the performance specifications in the Agreement, including, but not limited to, the machines' lack of a fully automated computer-controlled system.

12. Although WAVEZERO rejected ITN's proposal for WAVEZERO to accept delivery of the TF50 and TF55, an agreement was reached in or about August 2006 whereby WAVEZERO agreed to pay ITN $100,000 of the approximately $300,000 still due on the contract in return for ITN's agreement to dispatch a team of engineers to work on the TF50 and TF55 to bring them into conformance with the specifications of the Agreement. If ITN's team performed their work satisfactorily and WAVEWZERO accepted the reworked TF50 and TF55, WAVEZERO agreed to pay the remaining balance of $200,000.

13. In or about August, September and October 2006, ITN dispatched their team of engineers to WAVEZERO's facility in Sunnyvale, California. ITN's engineers inspected and analyzed the TF50 and TF55, and installed a number of "fixes" and upgrades in the machines. However, ITN's team of engineers was not able to perform ITN's agreement to make the TF50 and TF55 conform to the specifications in the

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3093-003
00094038.WPD

3
COMPLAINT FOR BREACH OF CONTRACT...    (Case No. )

7

Agreement. ITN's own engineers identified a number of design and manufacturing defects in the TF50 and the TF55 which render the machines, as currently built, structurally unsuitable to meet the specifications listed in the Customer Requirements subsection of the Agreement, as well as the performance specifications of the Agreement. Among other things: the TF50 and TF55 cannot be modified to operate in automatic mode; the magnetron sputtering cathodes have design flaws which require that they be replaced with components from a different manufacturer; and various parts of the web drive mechanicals and controls need to be repaired, redesigned and/or modified.

14. Pursuant to the Agreement, WAVEZERO has previously paid a total of approximately Nine Hundred Ninety Thousand Dollars ($990,000) to ITN for the TF50 and the TF55.

15. WAVEZERO has performed, or been excused from performing, all conditions, covenants, and promises required to be performed on its part in accordance with the terms of the Agreement.

16. To date, the TF50 and TF55 have not been retrofitted or redesigned by ITN to meet the performance specifications of the Agreement, most notably the automatic mode of operation.

17. ITN has breached the Agreement by, among other things, failing to timely deliver working TF50 and TF55 machines which satisfy the performance specifications under the Agreement.

18. Because of ITN's delay and failure to deliver conforming TF50 and TF55 machines, WAVEZERO has been unable to fill orders with its various customers. In addition to lost profits, WAVEZERO's reputation and relationship with current and prospective customers have been damaged.

19. As a result of ITN's breach of the Agreement, WAVEZERO has suffered consequential damages in an amount to be proven at trial.

WHEREFORE, Plaintiff WAVEZERO, INC., prays for judgment against Defendant ITN, as set forth in the Prayer for Relief below.

Pahl & McCay
A Professional Corp
225 W. Santa Clara St
Suite 1500
San Jose, CA 95113
(408) 286-5100

3093-003
00094038.WPD

4
COMPLAINT FOR BREACH OF CONTRACT...    (Case No. )

## SECOND CAUSE OF ACTION

(Breach of Express Warranty)

20. WAVEZERO realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth herein.

21. ITN expressly warranted that the TF50 and TF55 would perform as specified in the Agreement according to the performance specifications provided for in the Customer Requirements subsection.

22. ITN breached the express warranty by failing to provide WAVEZERO with machines that would perform according to the provided performance specifications and further failed to conform the TF50 and TF55 to the express warranty.

23. As a result of ITN's breach of express warranty, WAVEZERO did not receive goods as had been warranted by ITN and WAVEZERO has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff WAVEZERO, INC., prays for judgment against Defendant ITN, as set forth in the Prayer for Relief below.

## THIRD CAUSE OF ACTION

(Breach of Implied Warranty of Fitness for a Particular Purpose)

24. WAVEZERO realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth herein.

25. ITN knew of the particular purpose for which WAVEZERO required the TF50 and TF55. ITN was informed that the machines were needed by WAVEZERO to provide RFID manufacturing capabilities for its various customers.

26. ITN also knew that WAVEZERO was relying on the skill and judgment of ITN to select and furnish suitable goods to ensure that the TF50 and TF55 would perform as required for WAVEZERO's purposes.

27. ITN failed to provide machines that performed as required for WAVEZERO's purposes, and thus breached the implied warranty of fitness for a particular purpose.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

093-003
00094038.WPD

5
COMPLAINT FOR BREACH OF CONTRACT...                                (Case No. )

9

28. As a result of ITN's breach of implied warranty, WAVEZERO has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff WAVEZERO, INC., prays for judgment against Defendant ITN, as set forth in the Prayer for Relief below.

## PRAYER

WHEREFORE, Plaintiff WAVEZERO, INC., prays for judgment as follows:

As to the First Cause of Action

1. For compensatory damages in an amount to be proven at trial;
2. For restitution of benefits in an amount to be proven at trial;
3. For consequential damages in an amount to be proven at trial;
4. For rescission of the Agreement, pursuant to Civil Code § 1689(b)(2), and damages, including restitution, pursuant to Civil Code § 1692;

As to the Second Cause of Action

1. For damages in an amount to be proven at trial;

As to the Third Cause of Action

1. For damages in an amount to be proven at trial;

As to All Causes of Action

1. For costs of suit incurred herein;
2. For pre-judgment interest at the legal rate of 10% per annum; and
3. For such other and further relief as the Court deems just and proper.

DATE: June 19, 2007

PAHL & McCAY
A Professional Corporation

By: _____
Fenn C. Horton III

Attorneys for Plaintiff
WAVEZERO

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3093-003
00094038.WPD

6
COMPLAINT FOR BREACH OF CONTRACT...                                    (Case No. )

10

Wavezero Inc
425 Lakeside Drive
Sunnyvale, Ca. 94085

PURCHASE ORDER
# 1763-00
October 27, 2005

Tel- 408-745-0561
Fax- 408-745-6584

Vendor
ITN Energy Systems
8130 Shaffer Parkway
Littleton, CO 80127
USA

Bill To/Ship To:
Wavezero Inc.
425 Lakeside Drive
Sunnyvale, Ca. 94085
USA

| Item: | Quantity | Description | Unit Cost | Extended Cost |
|---|---|---|---|---|
| 1 | 1 | Engineering retrofit and trial Static Sputtering Machine | 250,000.00 | 250,000.00 |
| 2 | 2 | Roll to roll Sputtering Machine | 220,000.00 | 440,000.00 |
| 3 | 2 | Engineering Roll to Roll Fitting Trials and Test | 250,000.00 | 500,000.00 |
| | | Total Extended Price | | 1,190,000.00 |

Terms and Conditions as per Proposal Number 2005/PB/WZ/CT 04 & 05
dated October 28, 2005.

10/31/05

EXHIBIT/ 1

//

PLD-C-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE: | FOR COURT USE ONLY: |
|---|---|---|
| ATTORNEY FOR (NAME): | | |

Insert name of court, judicial district or branch court, if any, and post office and street address:

PLAINTIFF:

DEFENDANT:

| ANSWER - Contract | CASE NUMBER: |
|---|---|
| ☐ TO COMPLAINT OF (name): | |
| ☐ TO CROSS-COMPLAINT (name): | |

1. This pleading, including attachments and exhibits, consists of the following number of pages: _____
2. DEFENDANT (name):

   answers the complaint or cross-complaint as follows:
3. Check ONLY ONE of the next two boxes:
    a. ☐ Defendant generally denies each statement of the complaint or cross-complaint. *(Do not check this box if the verified complaint or cross-complaint demands more than $1,000.)*
    b. ☐ Defendant admits that all of the statements of the complaint or cross-complaint are true EXCEPT:
       (1) Defendant claims the following statements are false *(use paragraph numbers or explain)*:

       ☐ Continued on Attachment 3.b.(1).
       (2) Defendant has no information or belief that the following statements are true, so defendant denies them *(use paragraph numbers or explain)*:

       ☐ Continued on Attachment 3.b.(2).

If this form is used to answer a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-010 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**ANSWER- Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: | PLD-C-010 |
|---|---|---|

## ANSWER-Contract

4. ☐ AFFIRMATIVE DEFENSES
   Defendant alleges the following additional reasons that plaintiff is not entitled to recover anything:

☐ Continued on Attachment 4.

5. ☐ Other:

6. DEFENDANT PRAYS
   a. that plaintiff take nothing.
   b. ☐ for costs of suit.
   c. ☐ other (specify):

_____          _____
(Type or print name)                (Signature of party or attorney)

PLD-C-010 (Rev. January 1, 2007)           ANSWER- Contract                    Page 2 of 2
Martin Dean's
ESSENTIAL FORMS™

13

|                                                                                           | CM-110 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| TELEPHONE NO.:    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE    ☐ LIMITED CASE | |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:    Time:    Dept.:    Div.:    Room:
Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in  ☐ complaint  ☐ cross-complaint    (describe, including causes of action):



| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 (Rev. January 1, 2007) | CASE MANAGEMENT STATEMENT | Page 1 of 4<br>Cal. Rules of Court,<br>rule 3.720-3.730<br>www.courtinfo.ca.gov |

/14/

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**        Page 2 of 4
Martin Dean's
ESSENTIAL FORMS™

15

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:
  - (1) ☐ Mediation
  - (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
  - (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
  - (4) ☐ Binding judicial arbitration
  - (5) ☐ Binding private arbitration
  - (6) ☐ Neutral case evaluation
  - (7) ☐ Other *(specify)*:

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
  ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy   ☐ Other *(specify)*:
  Status:

14. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party)*:

15. **Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

|  |  | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

   <u>Party</u>                               <u>Description</u>                                      <u>Date</u>

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*: ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)
                                          ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]            **CASE MANAGEMENT STATEMENT**                    Page 4 of 4
ESSENTIAL FORMS™

17

1  JULIE A. SHEPARD, SBN 175538
   SHAILA DJUROVICH, SBN 224249
2  HOGAN & HARTSON L.L.P.
   1999 Avenue of the Stars, Suite 1400
3  Los Angeles, CA 90067
   Telephone: (310) 785-4600
4  Facsimile: (310) 785-4601

5  Attorneys for Defendant
   ITN ENERGY SYSTEMS, INC.
6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SANTA CLARA

10

11 WAVEZERO, INC.,                    )   Case No.: 107CV88201
                                      )
12                    Plaintiff,      )   [Complaint file on June 19, 2007]
                                      )
13      v.                            )
                                      )
14                                    )
   ITN ENERGY SYSTEMS, INC., and DOES 1) NOTICE TO ADVERSE PARTY OF
15 through 20, inclusive,             )   REMOVAL OF ACTION TO FEDERAL
                                      )   COURT
16                                    )
                                      )
17                    Defendants.     )
                                      )
18                                    )
                                      )
19

20

21

22

23

24

25

26

27

28

\\BO - 029347/000001 - 197165 v1

NOTICE TO ADVERSE PARTY OF REMOVAL OF
ACTION TO FEDERAL COURT

1

18

1  TO PLAINTIFF WAVEZERO, INC., AND HIS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTE THAT a Notice of Removal of this action was filed in the United

3  States District Court for the Northern District of California, San Jose branch, on July 25, 2007.

4      A copy of the Notice of Removal is attached to this Notice, and is served and filed

5  herewith.

8  DATE: July 25, 2007        HOGAN & HARTSON LLP

10  By: _____
11      Julie A. Shepard
    Shaila M. Djurovich
12      Attorneys for Defendant
    ITN ENERGY SYSTEMS, INC.

---

\\BO - 029347/000001 - 197165 v1    2    NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

# PROOF OF SERVICE

STATE OF CALIFORNIA ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is: HOGAN & HARTSON, LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067

On, July 25, 2007, I caused the foregoing documents described as:

**NOTICE OF REMOVAL OF ACTION**

to be served on the interested parties in this action by placing ___ the original X a true copy thereof enclosed in sealed envelopes addressed as follows:

FENN C. HORTON III, ESQ.
MICHAEL J. CHENG, ESQ.
PAHL & MCCAY, P.C.
225 WEST SANTA CLARA STREET,
SUITE 1500
SAN JOSE, CA 95113-1752
TELEPHONE: (408) 286-5100
FACSIMILE: (408) 286-5722

[ ]   **BY MAIL.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **BY HAND DELIVERY.** I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[ ]   **BY FACSIMILE.** I caused such document to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices.

[ ]   **BY UNITED PARCEL SERVICE.** I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by United Parcel Service following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by United Parcel Service and/or delivered by my firm to the United Parcel Service office.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 25, 2007, at Los Angeles, California.

Renee Sherriff
Print Name

Signature