ORIGINAL FILED
07 JUL 25 PM 2:50
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF S.J.

JULIE A. SHEPARD, SBN 175538
SHAILA DJUROVICH, SBN 224249
HOGAN & HARTSON L.L.P.
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
jashepard@hhlaw.com
smdjurovich@hhlaw.com

Attorneys for Defendant
ITN ENERGY SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH

C07 03817 HRL

| | |
|---|---|
| WAVEZERO, INC., <br><br> Plaintiff, <br><br> v. <br><br> ITN ENERGY SYSTEMS, INC., and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: <br><br> [Complaint filed on June 19, 2007] <br><br> (LASC Case No. 107CV88201) <br><br> **ANSWER** <br><br> [DIVERSITY (28 U.S.C. §§ 1332, 1441(b) and 1446)] |

\\\LA - 029347/000001 - 354841 v1

ANSWER

Defendant ITN ENERGY SYSTEMS, INC. ("ITN") hereby respectfully answers Plaintiff WAVEZERO, INC.'s ("WAVEZERO") Complaint as follows:

1. Admitted upon information and belief.

2. Admitted that ITN is a Colorado corporation and was a Colorado corporation throughout the matters at issue in the Complaint; otherwise denied.

3. ITN lacks knowledge or information sufficient to form a belief as to the state of WAVZERO's knowledge or lack thereof regarding the Defendants referred to as "DOE 1-20", and therefore denies the allegations of Paragraph 3 as they pertain to that subject; otherwise denied and specifically denied that there are any parties other than ITN that are proper defendants in this action.

4. Denied.

5. The allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is deemed required, ITN denies the allegations.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

6. ITN incorporates by reference its responses to each and every foregoing paragraph as though fully set forth herein.

7. ITN lacks knowledge or information sufficient to form a belief as to the allegations of this Paragraph and, therefore, denies them.

8. Admitted that WAVEZERO accepted ITN's offer to enter into a contract on or around October 31, 2005 by submitting a purchase order (the "Purchase Order"), a copy of which is attached as Exhibit 1 to ITN's contemporaneously filed Counterclaims. Under this contract, ITN was to build machines as described in ITN's October 28, 2005 contract proposal, a copy of which is attached as Exhibit 2 to ITN's contemporaneously filed Counterclaims (the "Proposal"). ITN further states that the Purchase Order and Proposal speak for themselves and that no further response to this Paragraph is required. To the extent

a response is deemed necessary to Plaintiff's characterization of the Purchase Order and Proposal or other allegations of this Paragraph, ITN denies them.

9. ITN states that the Proposal speaks for itself and that no further response to this Paragraph is required. To the extent a response is deemed necessary to Plaintiff's characterization of the Proposal or other allegations of this Paragraph, ITN denies them.

10. Denied.

11. Denied.

12. Denied.

13. Admit that ITN's engineers inspected the Machines in the late summer or early fall of 2006. Otherwise denied.

14. Admitted that WAVZERO paid a total of $990,000 to ITN; otherwise denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## SECOND CAUSE OF ACTION

(Breach of Express Warranty)

20. ITN incorporates by reference its responses to each and every foregoing paragraph as though fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

## THIRD CAUSE OF ACTION

(Breach of Warranty of Fitness for a Particular Purpose)

24. ITN incorporates by reference its responses to each and every

foregoing paragraph as though fully set forth herein.

25. Denied.
26. Denied.
27. Denied.
28. Denied.

## AFFIRMATIVE DEFENSES

ITN denies each allegation in the Complaint not specifically admitted above.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's injuries or damages were caused, in whole or in part, by its own wrongful conduct, and, accordingly, Plaintiff is barred from recovery against Defendant, or, alternatively, any recovery which might otherwise be had by Plaintiff should be reduced and diminished to the extent that their wrongful conduct caused or contributed to any damages or injury they may have sustained.

## THIRD DEFENSE

Plaintiff's claims against Defendant may be barred by the doctrines of laches, unclean hands, waiver, and estoppel.

## FOURTH DEFENSE

The claims in the Complaint are barred by, and any recovery on them must be reduced by, any amount by which Plaintiff has failed to mitigate, minimize, or avoid damages that he has suffered.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of proximate causation between the Defendant's alleged conduct and the alleged harm, and by superseding and intervening events.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it assumed the risk of incurring the damages which it alleges.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis of failure of consideration and lack of consideration.

## NINTH DEFENSE

Plaintiff's claims against Defendant may be barred in whole or in part because Plaintiff's own nonperformance and/or breaches of its agreement with Defendant.

## TENTH DEFENSE

Plaintiff's claims against Defendant may be barred in whole or in part to the extent Defendants are entitled to an offset for amounts owed by Plaintiff to Defendant, including any liability on Defendant's Counterclaims.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by a settlement reached by the parties.

## TWELFTH DEFENSE

Plaintiff's claim for rescission is barred by its failure to return the benefits it received from Defendant under the alleged contract.

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses or limitations on damages as may become available or apparent during pre-trial proceedings in this case and hereby reserve all right to assert such affirmative defenses.

//
//

1   WHEREFORE, Defendants respectfully request this Court to enter judgment
2   in their favor and against Plaintiff for the following:
3       (a)    dismissal of the Complaint with prejudice;
4       (b)    attorneys' fees, costs, expenses and interest as allowed by applicable
5       law; and
6       (c)    such other and further relief as this Court deems appropriate.

9   DATE: July 25, 2007          HOGAN & HARTSON LLP

11                               By: _____
12                                  Julie A. Shepard
                                    Shaila M. Diurovich
13                               Attorneys for Defendant
                                 ITN ENERGY SYSTEMS, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is: HOGAN & HARTSON, LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067

On, July 25, 2007, I caused the foregoing documents described as:

**ANSWER**

to be served on the interested parties in this action by placing ___ the original X a true copy thereof enclosed in sealed envelopes addressed as follows:

FENN C. HORTON III, ESQ.
MICHAEL J. CHENG, ESQ.
PAHL & MCCAY, P.C.
225 WEST SANTA CLARA STREET,
SUITE 1500
SAN JOSE, CA 95113-1752
TELEPHONE: (408) 286-5100
FACSIMILE: (408) 286-5722

[ ]   **BY MAIL.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **BY HAND DELIVERY.** I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[ ]   **BY FACSIMILE.** I caused such document to be delivered by facsimile to the offices of the addressee(s) following ordinary business practices.

[ ]   **BY UNITED PARCEL SERVICE.** I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by United Parcel Service following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by United Parcel Service and/or delivered by my firm to the United Parcel Service office.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 25, 2007, at Los Angeles, California.

Renee Sherriff
Print Name                                     Signature